**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
_____

**BUILDING TRADES UNITED PENSION TRUST FUND,**
**SCOTT J. REDMAN (in his capacity as Trustee),**

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS APPRENTICESHIP**
**& TRAINING FUND, WISCONSIN LABORERS**
**CONTRACT ADMINISTRATION FUND,**
**WISCONSIN LABORERS HEALTH-HRA FUND,**
**BUILDING AND PUBLIC WORKS VACATION**
**FUND, and JOHN J. SCHMITT (in his capacity**
**as Trustee),**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

               **Plaintiffs,**

     **v.**                                  **Case No.  18-cv-427**

**ADKINS CONSTRUCTION and**
**BRETT ADKINS,**

               **Defendant.**
_____

**COMPLAINT**
_____

    **NOW COME** the Plaintiffs, by their attorneys, for their Complaint state as follows:

    1.    This is an action by the Plaintiffs to both collect delinquencies and to enforce a settlement agreement signed between the parties.

**Jurisdiction and Venue**

    2.    Jurisdiction of this Court upon Defendant Adkins Construction, Inc is founded upon section 502 of the Employee Retirement Income Security Act of 1974

("ERISA") (29 U.S.C. § 1132) and Section 301(a) of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185(a)) in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans and the common law of the State of Wisconsin.  The Court additionally has supplemental jurisdiction to hear the Plaintiffs' claims for breach of settlement agreement, civil theft under §§ 895.446 and 943.20 Wis. Stats., and common law conversion.

3.      Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiffs' principal place of business is located at Dane County, Wisconsin.

## Parties

4.      Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA §§ 3(2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and brings this action on behalf of the trustees, participants, and beneficiaries of said plan.  Said plan maintains offices at 500 Elm Grove Road, Room 300, Elm Grove, Wisconsin 53122.

5.      Plaintiff Scott J. Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant within the meaning of ERISA (29 U.S.C. § 1002(7)) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for.  Mr. Redman maintains an office at 11175 West Parkland

Avenue, Milwaukee, Wisconsin 53224.

6.      Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Apprenticeship and Training Fund, Wisconsin Laborers Contract Administration Fund, Wisconsin Laborers Health-HRA Fund, and Building and Public Works Vacation Fund are employee benefit plans within the meaning of ERISA §§ 3(2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and brings this action on behalf of the trustees, participants, and beneficiaries of said plan. Said plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin, 53532.

7.      Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such, has standing to be a plaintiff in this action. Mr. Schmitt maintains an office at 4633 LUINA Way, Suite 101, DeForest, Wisconsin 53532.

8.      Plaintiff Wisconsin Laborers District Council is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 4633 LUINA Way, Suite 101, DeForest, Wisconsin 53532.

9.      Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA §302(c)(5), whose purpose is to address areas of common concerns to labor and management in the construction industry, including but not limited to labor standard issues such as

OSHA and prevailing wage laws. Said Plan maintains an office at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

10.    Adkins Construction, Inc. ("Adkins Construction") is a Wisconsin corporation engaged in business, with principal offices located at 667 Perkins Drive, Mukwonago, WI 53149.

11.    Upon information and belief, Brett Adkins is an adult resident of the State of Wisconsin, with a residence located at 660 Rivermoor Parkway, Waterford, WI 53185.

### Facts

12.    Adkins Construction is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

13.    For all times relevant, Adkins Construction was a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Wisconsin Laborers District Council ("Union").

14.    The Union represents, for purposes of collective bargaining, certain Adkins Construction employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a), and 301(a) (29 U.S.C. § 151, et seq.).

15.    The Labor Agreements described herein contain provisions whereby Adkins Construction agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

16.    By agreeing to the labor agreements described herein, Adkins

Construction also agreed to be bound by the trust agreements for each of the Plaintiff Funds. These trust agreements permit the Plaintiff Funds to collect, in addition to unpaid contributions, interest at 18 percent per annum, liquidated damages of 20 percent for any case that was referred to counsel following employer non-payment, and their actual attorneys fees and costs incurred during litigation.

17.    As a result of Adkins Construction's previous breaches of its obligation to make timely payments to the Plaintiffs' trust funds, audits covering the period January 1, 2014 through December 31, 2016 for the Building Trades United Pension Trust Fund, and August 1, 2014 through February 28, 2016 for the Wisconsin Laborers Fringe Benefit Funds, revealed unpaid contributions, interest, and liquidated damages totaling $147,619.04, of which $4,982.44 has been reduced to judgment, and which was reduced by lien waiver payments totaling $3,726.29, leaving $128,098.02 in contributions, interest, liquidated damages, and dues as remaining owed, as well as $524.50 in attorney fees and costs unpaid.

18.    In order to forestall the Plaintiff Funds immediately attempting to pursue a judgment and collect the judgment in full, Adkins Construction entered into a settlement agreement with the Plaintiff Funds.

19.    Pursuant to the settlement agreement, Adkins Construction agreed that it owed to the Plaintiffs the total of $128,622.52, for hours worked by its employees through the periods detailed in paragraph 17 herein. The settlement agreement required Adkins Construction to repay $122,904.00 to pay off the delinquency by making weekly installment payments of $1,000.00, until contributions and interest were paid, and by applying for and receiving a liquidated damages waiver in the amount of

$5,194.45 once all of the payments have been made.

20.     After making five installment payments between March through May 2018, totaling $5,000.00, Adkins Construction has not made any other payments required by the settlement agreement, so that its failure to make the payments required by the settlement agreement constitutes a default of the settlement agreement.

21.     Pursuant to the settlement agreement, Adkins Construction agreed that it would remain current with the Funds and Union by making required monthly remittance payments for each our worked by an employee doing covered work, as defined in the Labor Agreements.

22.     Adkins Construction has failed to remain current with the Wisconsin Laborers Fringe Benefit Funds after failing to submit contributions to the Funds, as a new audit for the period of March 1, 2016 through March 31, 2018 revealed additional contributions, interest, and liquidated damages totaling $27,938.06, so that its failure to remain current as required by the settlement agreement constitutes a default of the settlement agreement.

23.     As required by the settlement agreement, the Plaintiffs gave Adkins Construction notice of its default on May 22, 2018, and an opportunity to cure the default by submitting the required monthly payment under the settlement agreement, and bringing itself current with its monthly remittances.

24.     Adkins Construction's failure to cure the defaults constitutes a breach of the settlement agreement, thus entitling the Plaintiffs to file suit for the full amount of $128,098.06 that Adkins Construction has admitted are owing to the Plaintiffs, minus a total of $5,000.010 in installment payments and additional payments outside the

settlement agreement that the Plaintiffs have received from Adkins Construction.

25.     After deducting what has been paid by Adkins Construction pursuant to the Settlement Agreement, and incorporating the new March 1, 2016 through March 31, 2018 Wisconsin Laborers Fringe Benefit Funds audit, Adkins Construction currently owes the Funds the following:

| | |
|---|---|
| Building Trades United Pension Trust Fund | $104,790.05 |
| Wisconsin Laborers Health Fund | $42,385.89 |
| Wisconsin Laborers Apprenticeship & Training Fund | $1,615.26 |
| Wisconsin Laborers District Council | $6,313.39 |
| Wisconsin Laborers LECET Fund | $408.98 |
| Wisconsin Laborers Contract Administration Fund | $292.71 |
| Wisconsin Laborers Health-HRA Fund | $1,332.51 |
| Building and Public Works Laborers Vacation Fund | $3,553.57 |

## Claim One - Against Defendant Adkins Construction, Inc.
## Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

26.     As and for a first claim for relief against Adkins Construction, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 25 above and incorporate the same as though fully set forth herein word for word.

27.     For purpose of this claim (Claim One), the Building Trades United Pension Trust Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Apprenticeship & Training Fund, Wisconsin Laborers Contract Administration Fund, Wisconsin Laborers Health-HRA Fund, and Building and Public Works Laborers Vacation Fund are hereinafter referred to as "Plaintiff Funds."

28.     Due demand has been made by the Plaintiff Funds upon Adkins Construction for payment of all sums due and owing under the audit periods of January 1, 2014 through March 31, 2018, but said Defendant has failed to pay them, or any parts thereof, and amounts remain due and owing.

29.     Pursuant to 29 U.S.C. §1145, the Plaintiff Funds may file suit to collect all contributions, interest, and liquidated damages owed to them by Adkins Construction, as a result of its breach of its contractual obligation to submit contributions to the Plaintiff Funds.

**WHEREFORE**, the Union demands the following relief:

1.      Judgment on behalf of the Funds and against Adkins Construction:

      A.      For $153,969.97, representing unpaid working dues owed to the Union for the audit periods covering January 1, 2014 through March 31, 2018;

      B.      For unpaid contributions, interest, and liquidated damages owed to the Funds for the period April 1, 2018 through the present;

      C.      For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

      D.      Actual attorney fees and the costs of any investigation and litigation related to this action.

2.      For such other, further, or different relief as this Court deems just and proper.

### Claim Two - Against Defendant Adkins Construction, Inc.
### Violation of LMRA § 301 (29 U.S.C. §185)

30.     As and for a second claim for relief against Adkins Construction, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 29 above and incorporate the same as though fully set forth herein word for word.

31.     For the purposes of this claim (Claim Two), the LECET Fund is hereinafter referred to as the "Fund" and the Wisconsin Laborers District Council is hereinafter referred to as the "Union."

32.     Due demand has been made upon Adkins Construction for payment of the contributions, interest, and working dues listed above as owed to the Fund and the Union, but said Defendant has failed to pay them, or parts thereof, and amounts remain due and owing.

33.     Because, as the Fund and Union are informed and believe, Adkins Construction has not paid timely and prompt contributions on behalf of all covered employees, those amounts are owed to the Fund and Union and their incomes are reduced and their members may be forced to pay working dues out of pocket or have eligibility terminated and benefits reduced for which they would otherwise qualify, even though said amounts may have already been deducted from their paychecks by Adkins Construction. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements. Consequently, the LMRA has been violated, and the Union and Fund are entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the Fund and Union demand the following relief:

1.     Judgment on behalf of the Funds and against Adkins Construction:

A.     For $6,722.37, representing unpaid contributions, interest, and working dues owed to the Union for the audit periods covering January 1, 2014 through March 31, 2018;

B.   For unpaid contributions, interest, and working dues owed to the Funds for the period April 1, 2018 through the present;

C.   For unpaid contributions, interest, and working dues becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

D.   Actual attorney fees and the costs of any investigation and litigation related to this action.

2.   For such other, further, or different relief as this Court deems just and proper.

### Claim Three - Against Defendant Adkins Construction, Inc. For Breach of Contract

34.   As and for a third claim for relief against Adkins Construction, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 of the complaint.

35.   By entering into a settlement agreement with the Plaintiffs, Adkins Construction agreed that it owed to the Plaintiffs the amount of $128,622.52 and to pay to the Plaintiffs $122,904.00.

36.   By failing to make payments required by the settlement agreement, and becoming in default of the settlement agreement, Adkins Construction has breached the settlement agreement.

37.   The Plaintiffs therefore can enforce Adkins Construction promise to pay the amount of $128,098.06, minus installment payments received totaling $5,000.00 and other payments made outside the agreement to the Plaintiffs through a breach of contract action.

**WHEREFORE**, the Plaintiffs demand the following relief:

1.      Judgment in favor of the Plaintiffs, and against Adkins Construction in the

amount of $123,098.06, plus applicable interest, attorney fees, and costs.

2.      Such other and further relief as the Court deems just and proper.

Dated this 4th day of June, 2018.

<div style="margin-left:40%;">

s/Philip E. Thompson
Philip E. Thompson (SBN: 1099139)
The Previant Law Firm, S.C.
310 West Wisconsin Ave. Suite 100MW
Milwaukee, WI 53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: pet@previant.com

</div>